UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROGER CHAPMAN, Petitioner,

                    Plaintiff,

vs.                                   Case No.   2:05-cv-458-FtM-29DNF

RICK HARRY, et. al.,

                    Defendants.
_____

**ORDER**

    This matter comes before the Court upon Plaintiff's Motion for Rehearing, filed August 7, 2006, which the Court construes as a Motion to Alter or Amend Judgement.  (Doc. #16).  The Motion was filed consistent with Fed. R. Civ. P. 59 (e) since, applying the mailbox rule, it was timely filed within ten days of entry of judgment dated July 24, 2006. (Doc. #15). Plaintiff requests that the Court reconsider its July 21, 2006 Order that dismissed Plaintiff's case without prejudice for failure to serve the Defendants within 120 days of filing the Complaint pursuant to Fed. R. Civ. P. 4(m).

    Fed. R. Civ. P. 59(e) affords the Court substantial discretion to reconsider an order which it has entered. See generally Mincey V. Head, 206 F.3d 1106, 1137 (11th Cir. 2000); Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994).  There are three grounds that justify granting a Rule 59 motion: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. See Kelley v. Singletary, 238 F.Supp.2d 1325 (S.D. Fla. 2002); Offices

<u>Togolais Des Phosphates v. Mulberry Phosphates, Inc.</u>, 62 F. Supp. 2d 1316, 1331 (M.D. Fla. 1999).

Plaintiff does not cite to any change in controlling law or to any new evidence.  Rather, Plaintiff argues that "Defendants created a plethora of obstacles forcing Petitioner to lose valuable time, resources, and documentation dealing with this cause." (Doc. #16 p. 2).  Plaintiff does not specify how Defendants interfered with the case.

Plaintiff filed his civil rights Complaint on September 28, 2005. (Doc. #1).  On January 25, 2006, the Court ordered Plaintiff to serve the Defendants because Plaintiff was not proceeding *in forma pauperis*. (Doc. #6).  On April 25, 2006, the Court ordered Plaintiff to show cause no later than May 10, 2006, why the case should not be dismissed for lack of prosecution. (Doc. #10).  Plaintiff responded to the show cause Order and on May 17, 2006, the Court ordered Plaintiff to file the necessary service forms within thirty days. (Doc. #13).  Plaintiff neither responded to this Order, nor did Plaintiff complete service of process on Defendants.  After not effectuating service for over ten months, the Court dismissed the case without prejudice pursuant to Fed. R. Civ. P. 4(m).  Consequently, the Court finds Plaintiff has failed to demonstrate grounds for reconsideration or modification of the Court's June 22, 2006 Order of Dismissal.  Considering the case was dismissed without prejudice, if appropriate, Plaintiff may reopen the case by filing a civil rights Complaint.

Accordingly, it is now

**ORDERED**

Plaintiff's Motion for Hearing (Doc. #16) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida, on this __14th__ day of August, 2006.

_____
JOHN E. STEELE
United States District Judge


SA: alj
Copies: All Parties of Record